**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

PHILLIP BLEICHER, )
)
      Plaintiff, )
) Case No. 1:26-cv-06287
      v. )
) Hon. John F. Kness
MICHAEL GULISANO, )
) Magistrate Judge Young B. Kim
      Defendant. )

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANT**
**BY ELECTRONIC MAIL (ALTERNATIVE SERVICE)**

Plaintiff Phillip Bleicher ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 4(e)(1) and 735 ILCS 5/2-203.1, for entry of an order authorizing service of the summons, Verified Complaint, and exhibits upon Defendant Michael Gulisano ("Defendant") by electronic mail to the two email addresses Defendant actively uses. In support, Plaintiff states as follows:

## I.     INTRODUCTION

1.     Plaintiff has diligently attempted to personally serve Defendant — a licensed Florida attorney who is plainly aware of this lawsuit — at every address associated with him, including his residence of record and the only business address he registers with The Florida Bar. Those efforts have been frustrated because Defendant does not maintain a physical office (his registered business address is a commercial mail-drop), no longer resides at his address of record, and has taken affirmative steps that make personal service impractical.

2.     At the same time, Defendant is in active email contact concerning this very case. On May 31, 2026, Defendant himself used email to transmit to Plaintiff's counsel a proposed Rule 11 motion seeking $75,000 in sanctions against Plaintiff and his counsel, together with a threat to

seek further sanctions. Defendant thus has actual knowledge of this action and is litigating it by email while evading personal service of the summons. Service by email to the two addresses Defendant demonstrably uses is reasonably calculated to apprise him of this action and fully comports with due process.

## II.      FACTUAL BACKGROUND

3.      Plaintiff filed his Verified Complaint on May 28, 2026. The Clerk issued the summons as to Defendant on May 29, 2026 (ECF No. 5).

4.      Plaintiff promptly retained a licensed Florida process serving agency, General Services Bureau (Job No. 2026003146), to personally serve Defendant with the summons, Verified Complaint, and exhibits. The agency's process server, Nantawan Posang, has provided a sworn Affidavit of Non-Service, a true and correct copy of which is attached as Exhibit A.

5.      First attempt (residence). On June 11, 2026, at approximately 11:20 a.m., the process server attempted personal service at Defendant's residential address of record, 17239 Boca Club Blvd., Apt. 4, Boca Raton, FL 33487. The server made contact with Defendant's mother, who stated that "Michael no longer lives here" and declined to provide any further information, stating only that she is his mother and has to look out for her son. (Ex. A.)

6.      Second attempt (registered business address). The same day, June 11, 2026, at approximately 3:40 p.m., the process server attempted personal service at 1489 W. Palmetto Park Rd., Ste. 500, Boca Raton, FL 33486 — the address listed on the summons and the address Defendant registers with The Florida Bar. The server confirmed under oath that this location "is Venturex, a virtual office only that he receives mail at," and that Defendant "does not have an office at this address." (Ex. A.) In other words, Defendant's sole registered business address is a commercial mail-handling facility with no staffed office or desk at which he can be found or

served. The affiant ultimately swore that she "failed to find Michael Gulisano or any information to allow further search." (Ex. A.)

7.      Moving target. On or about June 10, 2026 — contemporaneous with Plaintiff's service efforts — Defendant changed the office address published on his law-firm website, gulisanolaw.com, removing his prior address (1701 N. Federal Highway, Suite 4, Boca Raton, FL 33432) and substituting the 1489 W. Palmetto Park Road mail-drop described above.

8.      Continued diligence. After the residence and the registered business address proved unavailing, Plaintiff commissioned a licensed skip-trace investigation to develop additional possible addresses for Defendant, at least one of which is presently being attempted by the process server. Plaintiff will supplement the record with any further affidavit of non-service as those efforts conclude.

9.      Defendant's active use of email. Defendant is in current email contact regarding this case. On May 31, 2026, using the address michael@gulisanolaw.com, Defendant emailed Plaintiff's counsel a proposed "Motion for Sanctions" under Rule 11 seeking $75,000 jointly against Plaintiff and his counsel, and further stated that he would seek additional sanctions "under the Court's inherent authority and other statutes." (A true and correct copy of Defendant's May 31, 2026 email transmitting that proposed motion is attached as Exhibit B.) Separately, the certificate of service on Defendant's own proposed motion identifies his email of record as gulisanomichael@gmail.com. Both addresses are current and demonstrably in use by Defendant.

10.      Defendant has not been admitted to practice in this District, has not appeared, and has not designated counsel or any agent authorized to accept service on his behalf. His signature block on the materials he transmitted states only that an "application for admission pro hac vice [is] forthcoming."

III. **LEGAL STANDARD**

11. Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The district court sits in Illinois; service is being attempted in Florida. Illinois law therefore governs and authorizes the relief requested.

12. Illinois's alternative-service statute, 735 ILCS 5/2-203.1, provides that where personal service "is impractical" under the ordinary methods, the plaintiff "may move that the court enter an order directing a comparable method of service," supported by an affidavit "stating the nature and extent of the investigation made to determine the whereabouts of the defendant" and showing "that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful." If the moving party satisfactorily makes that showing, "[t]he court may order service to be made in any manner consistent with due process." *Hotel Emps. & Rest. Emps. Int'l Union Welfare Fund v. Printer's Row, LLC*, No. 06 C 4630, 2008 U.S. Dist. LEXIS 98499, at *7 (N.D. Ill. Dec. 5, 2008).

13. The touchstone is due process: notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Where, as here, a defendant is demonstrably reachable and active at specific email addresses, service by email readily satisfies that standard.

IV. **ARGUMENT**

A. **Personal service is impractical despite Plaintiff's diligent inquiry.**

4

14.     Plaintiff has done everything reasonably required and more. Plaintiff retained a licensed process server who attempted service at Defendant's residential address of record and at the only business address Defendant registers with The Florida Bar. The residence yielded a statement from Defendant's own mother that he no longer lives there and a refusal to disclose his whereabouts; the registered business address proved to be a virtual mail-drop with no office or desk. Plaintiff then funded a skip-trace investigation to develop further addresses and is actively attempting them. This is precisely the "diligent inquiry" and "reasonable efforts" that 735 ILCS 5/2-203.1 requires, and it establishes that personal service is impractical.

15.     Defendant's own conduct compounds the impracticality. A Florida attorney is obligated to maintain a current address with The Florida Bar, yet the only business address Defendant registers is a commercial mail-drop. (Ex. C.) And he changed the office address on his firm website to that same mail-drop on June 10, 2026, just as Plaintiff's service efforts were underway. A defendant should not be permitted to defeat service by registering only a mail-drop and keeping his actual location undisclosed.

**B.      Email service to Defendant's two active addresses satisfies due process.**

16.     Service by email here is not a last-ditch guess; it is targeted at addresses Defendant is provably using right now in connection with this case. Defendant transmitted his own proposed motion to Plaintiff's counsel from michael@gulisanolaw.com on May 31, 2026, and identified gulisanomichael@gmail.com as his email of record. Email directed to both addresses is therefore "reasonably calculated to apprise" Defendant of this action under *Mullane,* 339 U.S. at 314 — indeed, far more likely to reach him than service left at a mail-drop he does not staff. Courts applying 735 ILCS 5/2-203.1 have authorized email service in comparable circumstances. *See*

*Moen v. Woolridge*, No. 4:25-cv-04047-SLD-RLH, 2025 U.S. Dist. LEXIS 94457, at *5 (C.D. Ill. May 9, 2025).

**C.      Defendant has actual knowledge of this suit and is evading the summons while litigating by email.**

17.     This is not a case of an absent defendant who is unaware of the litigation. Defendant knows about this action — he has already prepared and emailed a proposed sanctions motion concerning it, demanding $75,000 from Plaintiff and his counsel and threatening still further sanctions. Defendant is thus willing to use email to press his own demands in this case while making himself unavailable for personal service of the summons. He should not be permitted to have it both ways — litigating by email while evading the summons that starts his clock to respond. Authorizing email service will end the gamesmanship and allow this action to proceed on the merits.

**V.      RELIEF REQUESTED**

18.     Plaintiff respectfully requests that the Court enter an order: (a) authorizing Plaintiff to serve the summons, Verified Complaint, and exhibits upon Defendant by electronic mail to gulisanomichael@gmail.com and michael@gulisanolaw.com; (b) providing that such service shall be deemed complete upon transmission to either address, provided the transmitting email is not returned as undeliverable, with proof of service to be made by a declaration of the sender attaching the transmitting email; and (c) providing that Defendant's time to respond shall run from the date of such service in accordance with Federal Rule of Civil Procedure 12(a).

WHEREFORE, Plaintiff Phillip Bleicher respectfully requests that the Court grant this Motion, authorize alternative service by electronic mail as set forth above, and grant such other and further relief as the Court deems just and proper.

Dated: June 18, 2026

Respectfully submitted,

/s/ Corinthia Hicks
Corinthia Hicks, Esq.
Illinois Bar No. 635.2965
2705 West Fulton Street
Chicago, IL 60612-2003
Tel: (305) 438-9450
Email: corinthia@flavaworks.com
Counsel for Plaintiff Phillip Bleicher

**INDEX OF EXHIBITS**

Exhibit A — Affidavit of Non-Service of process server Nantawan Posang (General Services Bureau, Job No. 2026003146), sworn and notarized, documenting the June 11, 2026 attempts at 17239 Boca Club Blvd., Apt. 4, and at 1489 W. Palmetto Park Rd., Ste. 500 (Venturex virtual office).

Exhibit B — Defendant's May 31, 2026 email (from michael@gulisanolaw.com) transmitting his proposed Rule 11 motion for sanctions to Plaintiff's counsel.

Exhibit C — Defendant's Florida Bar member profile (Bar No. 87573), reflecting 1489 W. Palmetto Park Rd., Ste. 500, Boca Raton, FL 33486 as his sole registered business address.