## United States District Court  Northern District of Illinois
## MOTION FOR LEAVE TO APPEAR PRO HAC VICE

| | |
|---|---|
| Case Title: Phillip Bleicher | Plantiff(s) |
| VS. | |
| Michael Gulisano | Defendant(s) |

Case Number: 1:26-cv-06287          Judge: John F. Kness

I, Michael Gulisano _____ hereby apply to the Court

under Local Rule 83.14 for permission to appear and participate in the above-entitled action on behalf of

Michael Gulisano _____ by whom I have been retained.

I am a member in good standing and eligible to practice before the following courts:

| Title of Court | Date Admitted |
|---|---|
| State of Florida | 2011 |
| U.S. Circuit Court of Appeals for the Eleventh Circuit | 2011 |
| U.S. District Courts for the Southern, Middle, and Northern Districts of Florida | 2011 |
| | |

I have currently, or within the year preceding the date of this application, made pro hac vice applications to this Court in the following actions:

| Case Number | Case Title | Date of Application (Granted or Denied)* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

*If denied, please explain: (Attach additional form if necessary)

Has the applicant ever been:

**censured, suspended, disbarred, or otherwise disciplined by any court?**  Yes ☑  No ☐

**or is the applicant currently the subject of an investigation of the applicant's professional conduct?**  Yes ☐  No ☑

**transferred to inactive status, voluntarily withdrawn, or resigned from the bar of any court?**  Yes ☐  No ☑

**denied admission to the bar of any court?**  Yes ☐  No ☑

**held in contempt of court?**  Yes ☐  No ☑

NOTE: If the answer to *any* of the above questions is yes, please attach a brief description of the incident(s) and the applicant's current status before any court, or any agency thereof, where disciplinary sanctions were imposed, or where an investigation or investigations of the applicant's conduct may have been instituted.

I have read the Rules of Professional Conduct for the Northern District of Illinois and the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, and will faithfully adhere to them.  I declare under penalty of perjury that the foregoing is true and correct.

8/7/2026

_____
Date

S/ Michael Gulisano

_____
Electronic Signature of Applicant

| Applicant's Name | Last Name | First Name | Middle Name/Initial |
|---|---|---|---|
| | Gulisano | Michael | |
| Applicant's Law Firm | Gulisano Law, PLLC | | |

| Applicant's Address | Street Address | | | Room/Suite Number |
|---|---|---|---|---|
| | 1489 W. Palmetto Park Road | | | Suite 500 |
| | City | State | ZIP Code | Work Phone Number and Email |
| | Boca Raton | FL | 33486 | 954-947-3972 / michael@gulisanolaw.com |

**(The pro hac vice admission fee is $150.00 and shall be paid to the Clerk.  No admission under Rule 83.14 is effective until such time as the fee has been paid.)**

**NOTE:**  Attorneys seeking to appear pro hac vice may wish to consider filing a petition for admission to the general bar of this Court. The fee for admission to the General Bar is $199.00  The fee for pro hac vice admission is $150.00. Admission to the general bar permits an attorney to practice before this Court. Pro hac vice admission entitles an attorney to appear in a particular case only. Application for such admission must be made in each case; and the admission fee must be paid in each case.

Rev. 08/16/2023

## BRIEF DESCRIPTION OF THE INCIDENT(S)

I was sanctioned in 2018 by the Bankruptcy Court for the Southern District of Florida. I represented an elderly couple in a Chapter 7 bankruptcy proceeding who were being evicted from their home. While the bankruptcy was pending, I helped the elderly couple obtain a settlement for $1,000.00 for a breach of contract claim. They used that money to move out of the home they were being evicted from.

However, the elderly couple's cause of action was property of the bankruptcy estate. Such minor value claims are typically abandoned by trustees in the course of a Chapter 7 bankruptcy. Although the trustee conceded that he would have eventually done so, my mistake was not seeking approval from the trustee before reaching the settlement of the elderly couple's claim.

I gained no financial benefit from the settlement. Subsequently, the Florida Bar accepted an admission of "minor misconduct," which required attendance at an ethics CLE. However, I am currently eligible to practice before the Courts of Florida and the Bankruptcy Court for the Southern District of Florida.

I was also sanctioned in 2020 by the Southern District of Florida. In that case I mistakenly misnamed a corporate defendant in the pleadings. However, the correct defendant was still served with process. The defendant defaulted and I obtained a default final judgment for my client. The defendant moved to set aside the default final judgment.

I opposed the defendant's motion based on actual service and the "misnomer rule" or "'misnomer principal." *See Pears v. Mobile Cty.*, 645 F. Supp. 2d 1062, 1082 (S.D. Ala. 2009) ("The starting point of the Court's analysis is the so-called 'misnomer rule,' which generally allows for correction of a defendant's name pursuant to Rule 15 at any time where a plaintiff has sued a defendant by an incorrect name."); *Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000) ("This misnomer principle is most obviously appropriate in cases where the plaintiff has sued a corporation but misnamed it.").

The District Court did not accept my position and granted a motion for sanctions filed by the Defendant. I have not been disciplined by the Florida Bar for this event. However, I am currently eligible to practice before the Courts of Florida and the Southern District of Florida.

Finally, I would note that in this case, which I seek *pro hac vice* admission for, I would be representing myself. A certificate of good standing from the Florida Bar is attached hereto.

s/ Michael Gulisano
Michael Gulisano, Esquire
Florida Bar No.: 87573

# The Florida Bar

**651 East Jefferson Street**
**Tallahassee, FL 32399-2300**

**Joshua E. Doyle**
**Executive Director**

**850/561-5600**
**www.FLORIDABAR.org**

State of Florida      )

County of Leon      )

In Re:  0087573
Michael Gulisano
Gulisano Law, PLLC
1489 W Palmetto Park Rd Ste 500
Boca Raton, FL 33486-3326

I CERTIFY THE FOLLOWING:

I am the custodian of membership records of The Florida Bar.

Membership records of The Florida Bar indicate that The Florida Bar member listed above was admitted to practice law in the state of Florida on **January 24, 2011**.

The Florida Bar member above is an active member in good standing of The Florida Bar who is eligible to practice law in the state of Florida.

Dated this  8th  day of **July, 2026**.

Cynthia B. Jackson, CFO
Administration Division
The Florida Bar

PG:R10
CTM-422053