## DECLARATION OF MICHAEL GULISANO

I, Michael Gulisano declare under penalty of perjury as follows:[1]

1.      I am one of the defendant in this matter and I make this declaration based on first hand personal knowledge. I am an attorney licensed in Florida and, expect for two (2) years spent in California, I have lived in Florida my entire live.

2.      In 2015, I briefly represented the plaintiff's homosexual pornography company, Flava Works, Inc. ("Flava Works"), in Florida for approximately two (2) weeks, in connection with a pending case it filed in the Southern District of Florida known as *A4A Reseau, Inc. v. Flava Works, Inc., et al.*, No. 15-cv-20245 (Fla. S.D. 2015) (the "FL Case").

3.      Flava Works is a Florida and Illinois corporation, which produces homosexual pornography featuring African-American and Hispanic men and occasionally minors. The plaintiff also derives a large portion of his ill-gotten gains by filing, or threatening to file, frivolous copyright infringement lawsuits and threatening to "out" closeted homosexual man unless they pay him settlements.

4.      I withdrew from representing Flava Works—I was not fired—after the plaintiff asked me to fabricate evidence in a pending case in the FL Case so that he could avoid paying sanctions of $10,000.00 imposed against Flava Works. To add insult to injury, the plaintiff never compensated me for the legal services I provided before withdrawal. Comically, the plaintiff alleges that $1,000 I requested was an "inflated" fee for my services.

5.      Thereafter, in 2016, the plaintiff spitefully filed a frivolous bar complaint against me and against two (2) other attorneys that represented Flava Works on the FL Case. The Florida Bar found *no* merit to Bleicher's allegations against me or the two (2) other attorneys.

---

[1] Pursuant to Fla. Stat. § 92.525, this Declaration is provided in lieu of an affidavit and has the same force and effect thereof.

6. In 2017, I created a website for my law firm. My website contains a legal blog discussing Florida legal issues and is intended for Florida residents. I am not admitted to the Bar or any state other than Florida. One of the first blog posts I published on my website, in 2017, was a reproduction of my response to the plaintiff's 2016 bar complaint against me. In Florida, bar complaints and responses thereto are public records.

7. Shockingly, the plaintiff's complaint omits that I did not make any of the alleged "defamatory" statements. The statements, which are all true, are actually citations and quotations to third-party publications and news reports chronicling the plaintiff's lifelong egregious criminality and frivolous litigation.

8. Since publishing the article, I have been contacted by dozens of people who the plaintiff attempted to defraud and/or extort a settlement from based on frivolous copyright infringement claims. In every instance, the individual explained to me how the plaintiff was attempting to defraud them and/or extort settlements from them based on frivolous copyright infringement claims and they thanked me for making the information in my article available.

9. Apparently, *seven (7) years later*, the plaintiff learned about my blog post because in 2024, he filed another frivolous bar complaint against me based on the allegations forming the basis of the claims in the Complaint. The Florida Bar again found *no* merit to the plaintiff's allegations.

10. The plaintiff admits that he filed bar complaints against me in Florida in 2016 and 2024. The plaintiff admits that the alleged "defamatory" article—a reproduction of my response to his bar complaint, a public record—was published in Florida in 2017.

11. I am not licensed to practice law in Illinois and, as such, it cannot reasonably be argued that an article on the website for my Florida law firm was directed towards residents of Illinois or that I intended to conduct business in Illinois.

12. Moreover, the website for my law firm is a passive website. I do not sell any products on my website. My website is intended for educational and informational purposes directed only at Florida residents as to particular legal issues involving Florida law or as to factual matters occurring in Florida, such as the reproduction of my response to the plaintiff's frivolous 2016 bar complaint against me.

13. I have never been to Illinois, I have never purposefully availed myself of the privilege of conducting business in this State, and I could not have reasonably anticipated being brought into its courts. I had no reason to know that a reproduction of my response to the plaintiff's 2016 bar complaint, a public record, would cause suffering in Illinois and the plaintiff alleges mere economic injury. Of course, I dispute that my reproduction of a public record from 2016 caused the plaintiff any legally cognizable harm that could be proven in court.

14. In short, plaintiff's claims, which are totally devoid of merit, arise from actions and transactions that occurred in Florida. As such, I lack minimum contacts and purposeful availment with Illinois that would comport with due process.

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

DATED: <u>August 7, 2026</u>

<u>s/ Michael Gulisano</u>

MICHAEL GULISANO