# Flava Works, Inc. v. A4A Reseau, Inc. Defendants

United States District Court for the Southern District of Florida, Miami Division

December 7, 2022, Decided; December 7, 2022, Entered on Docket

CASE NO. 14-23208-CIV-LENARD/GOODMAN

**Reporter**
2022 U.S. Dist. LEXIS 220758 *; 2022 WL 17486296

FLAVA WORKS, INC., Plaintiff, v. A4A RESEAU, INC. et al., Defendants.

**Prior History:** Flava Works, Inc. v. A4A Reseau, Inc., 2015 U.S. Dist. LEXIS 184329 (S.D. Fla., Apr. 7, 2015)

**Counsel:** **[*1]** For Flava Works, Inc., c/o *Phillip Bleicher*, Plaintiff: Gregory L Bianco, Gregory Bianco, PA, Miami, FL.

For A4A Reseau, Inc., A4A Network, Inc., Marc Parent, Defendants: John Francis Bradley, LEAD ATTORNEY, Bradley Legal Group, P.A., Fort Lauderdale, FL.

**Judges:** Jonathan Goodman, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** Jonathan Goodman

## Opinion

**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO COMPEL SEIZURE AND SALE**

The Court entered a judgment for $81,958.72 in attorney's fees, costs, and post-judgment interest against Plaintiff Flava Works, Inc. ("Flava"). [ECF No. 167]. On December 7, 2018, the Clerk issued a Writ of Execution in the amount of $81,958.72. [ECF No. 173]. Defendants filed a Motion for Proceedings Supplementary and to Implead *Phillip Bleicher* pursuant to Florida Statute § 56.29. [ECF No. 174]. United States District Judge Joan A. Lenard granted the motion by default *and* on the merits, finding that the jurisdictional prerequisites were met to initiate proceedings supplementary under Florida Statute § 56.29 and to implead third-party *Phillip Bleicher*. [ECF No. 190, pp. 5-6].

Defendants then filed a motion for seizure and sale of Flava and Bleicher's intellectual property. [ECF No. 191]. The District Court granted Defendants' motion, directed **[*2]** the U.S. Marshal to seize Flava and Bleicher's intellectual property for sale at judicial auction, and awarded Defendants attorneys' fees and costs (with interest) in an amount to be determined. [ECF No. 218]. The Order required the parties to meet and confer over the fee and cost amount and permitted Defendants to file a motion with the Court if the parties were unable to agree. *Id.*

After this Order was entered, Bleicher submitted a notice to the court, attaching a voluntary petition for bankruptcy which was filed in the Northern District of Illinois. [ECF No. 220]. The bankruptcy case was dismissed on August 2, 2022. [ECF No. 221-1].

Defendants' current motion makes two requests: (1) "an order exercising the previous Order seizing the referenced property and scheduling sale of the same"; and (2) an attorneys' fee award of $124,686.43. [ECF No. 221]. Flava filed a response [ECF No. 226] and Defendants filed an optional reply [ECF No. 227]. For the reasons discussed below, the Undersigned **denies** without prejudice Defendants' motion.

Although Defendants' motion provides an in-depth summary of the case's procedural history, the legal grounds for either of their requests are threadbare. **[*3]** The specific relief sought, as well as the grounds for the requested relief, does not become any clearer when reviewing either Flava's response or Defendants' reply.

Defendants' first requested relief is that the Court enter "an order exercising the previous Order seizing the referenced property and scheduling sale of the same." [ECF No. 221]. However, Defendants have not explained why an *additional* Order is necessary. No stay was ever formally entered in this case, no appeal of the original Order was ever taken, there has been no subsequent Order which has vacated the Court's prior Order, nor has there been any indication that the Marshal or a party is refusing to comply. Although Defendants included a "memorandum of law" section in their motion, there is no law actually included in the section. Instead, it is pure attorney rhetoric and citations to the docket.

The confusion over this request is compounded by the fact that Flava argues that if this Court grants Defendants' attorney fee request, then Flava is entitled to a "jury trial [to] determin[e] which of [Flava's] assets will be auctioned, in what order, and how much of [Flava's] monetary obligations to [Defendants] . . . will **[*4]** be defrayed by such sales." [ECF No. 226]. Defendants have not made the issue any clearer, simply saying in their reply that Flava has failed to preserve any right to a jury trial. [ECF No. 227].

There is also uncertainty over whom Defendants are seeking a judgment against. Defendants argue in their reply that the response was filed by only Flava, which means that Bleicher has defaulted. Defendants claim that "[t]he Motion seeks relief against Bleicher with regard to a small number of copyrights and Internet domain names" and because Bleicher has failed to respond "A4A is entitled to the relief sought from Bleicher, by default."

Defendants admit in their motion that Bleicher had submitted to them a check for $81,958.72, which was the initial judgment entered by the Court [ECF No. 167]. [ECF No. 221]. Because the Court has already ruled that Bleicher (the impleaded third party) cannot be liable for attorneys' fees in proceedings supplementary [ECF No. 218], the Undersigned does not know what additional relief Defendants are seeking from Bleicher. Moreover, based on Defendants' comments that "A4A is entitled to relief . . .," the Undersigned is also uncertain whether both Defendants are **[*5]** seeking relief against Bleicher or just A4A.

In summary, on the issue of the requested order to compel, Defendants have failed to explain the nature of the relief they are seeking, the grounds for the relief they are seeking, against whom they are seeking relief, and on whose behalf they are seeking relief.

Defendants' second request concerns the amount of attorneys' fees which should be awarded following the Court's determination that Defendants were entitled to attorneys' fees pursuant to Sections 57.115 and 56.29(8), Florida Statutes.

Motions for attorneys' fees are governed by Southern District of Florida Local Rule 7.3, which, among other things, requires the fee-seeking party's motion to "disclose the terms of any applicable fee agreement," "provide the identity, experience, and qualifications for each timekeeper for whom fees are sought," and "be verified." Defendants' motion fails to fully meet those requirements.[1]

In addition, despite including a memorandum of law section in their motion, Defendants offer no authority which would support this Court awarding attorneys' fees for fees incurred in an ancillary bankruptcy proceeding in another jurisdiction. Flava contends in its response that this is impermissible (without citing any pertinent supporting legal authority). **[*6]** In Defendants' reply, without offering their own supporting authority, they say only that Defendants' cases do not apply. Thus, neither side has offered any applicable legal authority which would support or prohibit such an award.

Moreover, Defendants have failed to meaningfully explain why their requested fees are reasonable and failed to offer any insight into the attached billing records. Indeed, some of the billing entries appear to possibly be redundant. For example, Defendants seek to recover attorneys' fees for work done by Bruce Menkes [ECF No. 221-3], but in the billing records from Mr. Bradley's firm, there is also a $19,334.25 fee for "Reimbursable expenses: Bruce Menkes Invoice" [ECF No. 221-2]. Without any meaningful analysis from Defendants on the specifics of their fee request, the Undersigned cannot be certain for which billing entries recovery is being sought.

Because of the deficiencies surrounding both of Defendants' requests, the Undersigned **denies** Defendants' motion without prejudice.

If Defendants choose to again seek the requested relief, then they shall file two separate motions. The request for an additional Order concerning the seizure and sale of Flava and Bleicher's **[*7]** intellectual property shall contain a memorandum of law and shall also cure the other deficiencies identified in this Order. Defendants' attorneys' fees motion shall comply with the Local Rules and shall contain a memorandum of law supporting all requested attorneys' fees. Additionally, the submitted billing records shall include *only* fees for which Defendants are seeking to recover. Defendants shall remove any fees which are redundant or for which an award has previously been entered.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on December 7, 2022

/s/ Jonathan Goodman

---

[1] The only information Defendants offer on the "identity, experience, and qualifications" of their timekeepers is that John F. Bradley and Daniel S. Polley both have more than 32 years of intellectual property litigation experience and Bruce Menkes has more than 38 years of bankruptcy litigation experience. Defendants did not substantiate either of these claims with an affidavit, explain the nature of their experience or position within their firms, nor did Defendants identify any of the other timekeepers other than to say that law clerks and paralegals are billed at $150.00 an hour.

Jonathan Goodman

UNITED STATES MAGISTRATE JUDGE

---

End of Document