**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| PHILLIP BLEICHER, an individual, | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-06287 |
| v. | ) | Hon. John F. Kness |
| MICHAEL GULISANO, an individual, | ) | Magistrate Judge Young B. Kim |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE (ECF NO. 18) AND SUPPLEMENT TO PLAINTIFF'S MOTION TO RESTRICT AND STRIKE (ECF NO. 16)**

Plaintiff Phillip Bleicher responds in opposition to Defendant's Motion to Strike (ECF No. 18) and, because that filing itself adds new scandalous matter to the record, supplements Plaintiff's pending Motion to Restrict and Strike (ECF No. 16). The Court has since set this matter for an in-person hearing on September 15, 2026. (ECF No. 21.) Plaintiff files this short response so that the matters raised by ECF No. 18 are before the Court in advance of that hearing.

**I. The briefing-schedule dispute is before the Court, and counsel has conferred.**

1. Defendant moves to strike Plaintiff's briefing-schedule statement (ECF No. 17) as "unilateral" and asks that Plaintiff's counsel be ordered to show cause. ECF No. 17 stated, on its face, why an agreed schedule had not been reached: Defendant's only scheduling communication to Plaintiff's counsel was his email of August 20, 2026, which described his pending motion as one "against you and your pedophile client." Counsel's judgment that conferral through that channel was not practicable was disclosed to the Court, not concealed from it. The Court has now set this matter for hearing and will set whatever briefing it deems appropriate; the parties' competing proposals are at ECF Nos. 15 and 17. To remove any doubt, on September 3, 2026, counsel conferred in writing: she emailed

Defendant proposing briefing schedules on ECF No. 16, on the supplement contained in this filing, and on Defendant's own ECF No. 18, and invited alternative dates. Defendant answered within minutes that he "cannot agree with [any] of your requests," proposed no alternative dates, and stated that he is instead preparing a new motion to dismiss and a new motion for sanctions, for which he will seek leave to exceed the page limit and an extension of time. (Exhibit 1 hereto.) Conferral has occurred; no agreement was reached; and the scheduling of all pending and anticipated motions is best addressed at the September 15 hearing. There is nothing to strike, and nothing warranting a show-cause order.

2. Defendant invokes a conferral requirement he has bypassed twice in one week. His own "Proposed Briefing Schedule" (ECF No. 15) was filed without any conferral beyond the August 20 email quoted above, and ECF No. 18 itself, an opposed motion, was filed without any attempt to confer at all. ECF No. 18 also states that it is filed "by and through counsel"; Defendant is his own counsel, and his application for pro hac vice admission (ECF No. 11) remains pending, though his new signature block describes it as "forthcoming." Plaintiff notes the discrepancy because Defendant's disciplinary disclosures on that application are already the subject of Plaintiff's pending motion. (ECF No. 16.)

**II. ECF No. 18 adds new scandalous matter and should be added to the pending motion to strike.**

3. Plaintiff's motion (ECF No. 16) chronicles a manufactured escalation: Defendant's own 2016 letter accused Plaintiff's former company of exploiting "at-risk youths" — race and vulnerability, not age; his sworn filings of August 7 converted that into pornography "featuring … occasionally minors" (ECF No. 12 ¶ 2; ECF No. 13-2 ¶ 3), an accusation his own cited exhibit refutes; his August 20 email converted it into "your pedophile client";

his August 24 filing converted it into “a homosexual kiddie-porn kingpin” engaged in “rampant homosexual pedophilia.” (ECF No. 15 ¶¶ 3, 7.)

4. Within hours of Plaintiff's motion asking the Court to strike that material, Defendant filed ECF No. 18 and escalated again. It asserts that Plaintiff's former company produced pornography featuring “occasionally underage boys” (¶ 2); that Defendant “has been contacted by multiple victims of Bleicher who were underage when they were victimized by him and forced to engage in nonconsensual homosexual acts” (¶ 6); and that “[m]ore than one of those underage victims referred to Bleicher as ‘Baby Epstein.’” (¶ 7.) These assertions are supported by no declaration, no name, no date, no communication, and no exhibit.

5. Defendant's own website refutes them. Its “2024 Update” states that Defendant “received dozens of phone calls and emails from Mr. Bleicher's victims since posting this article back in 2016” — and that he told them: “I respectfully request that you not contact me. This article states everything I know and I am not willing to discuss issues with Mr. Bleicher.” In nine years Defendant, a licensed attorney, has reported no such “victim” to any law-enforcement or child-protection authority; on August 22, 2026, he instead began soliciting them on his website. Plaintiff has never been arrested for, charged with, or convicted of any offense described in Defendant's filings. (ECF No. 19 ¶ 106.) On September 3, 2026, Plaintiff's counsel served Defendant with a written demand to preserve all communications with any person claiming to be a “victim” of Plaintiff, and invited him to state in writing if no such communications exist. Defendant's reply neither confirmed that the communications exist nor stated that they do not; it asserted that the demand “has nothing to do with this case,” and then advised Plaintiff's counsel — who has been an attorney “for

less than 1 year," in his words — that he "will be contacting the ARDC in connection with your actions in this matter." (Exhibit 2 hereto.) Plaintiff notes that threatening to present professional disciplinary charges to obtain an advantage in a civil matter is itself prohibited conduct. See Ill. R. Prof'l Conduct 8.4(g); N.D. Ill. L.R. 83.50.

6. Paragraphs 2, 6, and 7 of ECF No. 18 bear no relation to the relief that filing seeks — the striking of a briefing-schedule statement — and they are scandalous in the precise sense Plaintiff's pending motion addresses: accusations of child sexual abuse, placed on a public docket, unsupported by any cited source. Plaintiff accordingly supplements ECF No. 16 to request that the Court strike ECF No. 18 ¶¶ 2, 6, and 7 under the same authority invoked there, and consider ECF No. 18 — filed the very day Plaintiff sought relief from this conduct — in determining whether Defendant should be ordered to show cause.

**III. Relief requested.**

7. Plaintiff respectfully requests that the Court: (i) deny Defendant's Motion to Strike (ECF No. 18); (ii) strike ECF No. 18 ¶¶ 2, 6, and 7 as scandalous, supplementing the relief requested in ECF No. 16; (iii) consider Defendant's conduct in filing ECF No. 18, and his September 3, 2026 correspondence (Exhibits 1–2), in connection with the order to show cause requested in ECF No. 16; and (iv) award Plaintiff the reasonable attorney's fees incurred in responding to ECF No. 18, under the Court's inherent authority. A revised proposed order is being submitted to chambers in Word format in accordance with the Court's procedures. This filing is opposed; Defendant declined to agree to any briefing schedule. (Exhibit 1.)

Dated: September 3, 2026

Respectfully submitted,

/s/ Corinthia Hicks

Corinthia Hicks, Esq. (ARDC No. 6352965)
2705 W. Fulton St. #3N, Chicago, IL 60612
Tel: 305-438-9450 · Fax: 305-438-9470
Corinthia@FlavaWorks.com
Counsel for Plaintiff Phillip Bleicher

**CERTIFICATE OF SERVICE**

I certify that on September 3, 2026, I electronically filed the foregoing using the CM/ECF system and separately served Defendant by email at michael@gulisanolaw.com.

/s/ Corinthia Hicks