**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

PHILLIP BLEICHER, CASE NO.: 1:26-CV-06287

Plaintiff,

v.

MICHAEL GULISANO,

Defendant.
_______________________________________/

**MEMORANDUM ADDRESSING COURT INQUIRY (ECF NO. 25)**

Defendant, Michael Gulisano (the "Defendant"), responds to the Court's request for a memorandum (ECF No. 25) addressing its concerns regarding the Motion to Appear *Pro Hac Vice* (the "Motion") (ECF No. 11).

1. "Whether to grant or revoke a *pro hac vice* admission are matters addressed to the sound discretion of the district court." *Bailey v. Worthington Cylinder Corp.*, 90 F.4th 1193, 1196 (7th Cir. 2024).

2. "A court may deny *pro hac vice* admission to an attorney who has committed ethical violations or misconduct, or whose actions threaten the orderly administration of justice." *Sanchez & Daniels v. Koresko & Assocs., P.C.*, No. 04 C 5183, 2005 U.S. Dist. LEXIS 10670, at *2–3 (N.D. Ill. June 2, 2005).[1]

3. In *Sanchez & Daniels*, 2005 U.S. Dist. LEXIS 10670, at *2–3, the Court granted permission to proceed *pro hac vice* for an attorney who was named as a defendant in the lawsuit, along with defendant's law firm. The Court noted that although the attorney had acted questionably in earlier related litigation, the conduct was not unethical or an impediment to the

---

[1] The Defendant is aware the Court prefers citations to Westlaw. However, the Defendant currently only has access to Lexis. For the cited authority, a Westlaw citation was not provided.

orderly administration of justice so that the application should be denied. *Id.*

4. Specifically, "[t]hough the issue is a close one, the Court is not persuaded that these standards have been met such that it would be appropriate to deny [counsel's] application." *Sanchez & Daniels*, 2005 U.S. Dist. LEXIS 10670, at *3. The Court further noted that if it saw "evidence that [counsel] is violating the ethical rules that govern the conduct of counsel or the rules and statutes … that deal with counsel's conduct in litigation, or is in any way impeding or putting at risk the orderly administration of justice, we will not hesitate to direct [counsel] to show cause why his pro hac vice status should not be revoked." *Id.*

5. Here, the Defendant, a resident of and attorney from Florida, appeared in this action seeking admission *pro hac vice*, for the limited purpose of seeking dismissal of the claims brought by Plaintiff, Phillip Bleicher (the "Plaintiff").

6. The Defendant did so even though he was not personally served with process. Instead, the Plaintiff's counsel emailed the Complaint to him. *See Mortel v. Nowicki*, No. 25-50616, 2026 U.S. App. LEXIS 9152, at *5–6 (5th Cir. Mar. 30, 2026) (emphasis added) ("[T]here is no dispute that Mortel did not comply with Rule 4(e), which … *does not include a provision for service by email*.").

7. The Defendant did so even though the Court lacks personal jurisdiction, as it relates to the Plaintiff's claims, which are based on an article published in 2017, a reproduction of a 2016 Florida public record, on the passive website for his Florida law firm. *See Donmar, Inc. v. Swanky Ptnrs., Inc.*, No. 02-C-1482, 2002 U.S. Dist. LEXIS 15308, at *10 (N.D. Ill. Aug. 19, 2002) (citations omitted) ("Courts generally exercise personal jurisdiction over defendants maintaining web sites that actively do business over the Internet. In general, courts do not exercise jurisdiction over merely passive web sites.").

8. It is true, as the Defendant candidly disclosed in the Motion, that he does have

two (2) instances of discipline over a fifteen (15) year career. Those incidents, which incurred in 2018 and 2020, eight (8) and six (6) years ago respectively, and have no connection to the current litigation, are not automatically disqualifying.

9. The Defendant asserts that those incidents are not representative of his conduct in litigation generally. The Defendant complied with all conditions imposed against him in both matters and is currently is—and always has been since 2011—a member in good standing with the Florida Bar and eligible to practice.

10. The Defendant is also a member in good standing and eligible to practice in the U.S. District Courts for the Northern, Middle, and Southern Districts of Florida and the U.S. Circuit Court of Appeals for the Eleventh Circuit.

11. While it is left to the sound discretion of this Court, granting the Motion would not impede the orderly administration of justice. Moreover, the Court maintains the ability to address and punish any conduct of the Defendant, in this matter, if it believes that conduct violates ethical rules that govern the conduct of counsel or the rules and statutes that deal with counsel's conduct in litigation.

12. It was the Defendant's understanding that he needed to be admitted *pro hac vice* in order to file pleadings through CM/ECF. Nevertheless, if it is acceptable to the Court, the Defendant is not aware of any obstacle that would prohibit him from defending himself in this action *pro se* without requiring admission *pro hac vice*.

13. Provided that appearing *pro se* does not prevent him from filing pleadings in this matter through CM/ECF or operate as a waiver of his defenses for insufficient service of process under Fed. R. Civ. P. 12(b)(5), lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), or any other defense, the Defendant has no objection to the Motion for *Pro Hac Vice* (ECF No. 11) being denied as moot.

**WHEREFORE**, the Defendant respectfully requests that the Court grant any relief deemed just and proper.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on November 3, 2026 on all counsel of record via transmission of a Notice of Electronic Filing generated by CM/ECF, including Corinthia Hicks, counsel for Plaintiff, , Phillip Bleicher a/k/a Flava Works via email to corinthia@flavaworks.com.

Respectfully Submitted By:

Gulisano Law, PLLC
1489 W. Palmetto Park Road, Suite 500
Boca Raton, FL 33486
954-947-3972 – office
michael@gulisanolaw.com – email

s/ Michael Gulisano
Michael Gulisano, Esquire
Florida Bar No.: 87573